## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MANGAN, | Civil Action No. 13-4132 (MAS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**APPEARANCES:**

Anthony Mangan
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Petitioner pro se

**SHIPP,** District Judge

    Petitioner Anthony Mangan, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, opened this matter to the Court by submitting a Letter [1] and attachments, including a copy of a blank petition for writ of certiorari from the United States Supreme Court and an application for leave to proceed in forma pauperis. The Letter does not denominate any defendant or respondent. The Letter makes various allegations about Petitioner's state criminal proceedings and ends with the following request for relief. "All I want to know [is] if I can have my time/sentence dropped down or reduced. I don't wish for my time/sentence to increase, at

all. And these are the issues I've been denied on over and over." (Letter at 2.)

It appears that Petitioner is presently serving a state sentence for robbery, kidnapping, and aggravated sexual assault. See State v. Mangan, No. A-2112-10T2, No. A-2408-10T1, 2012 WL 2427909 (N.J. Super. App. Div. June 28, 2012); certif. denied 213 N.J. 568 and certif. denied No. 071276, C-814 Sept. Term 2012 (June 7, 2013) (Table, text not available on WESTLAW). See also New Jersey Department of Corrections Inmate Locator, https://www6.state.nj.us/DOC_Inmate/details?x=1271490&n=0 (July 12, 2013).[1] In light of the requested relief, therefore, this Court construes the Letter as an attempt to submit a petition for writ of habeas corpus, under 28 U.S.C. § 2254, challenging the above-referenced state court conviction and sentence.[2]

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the

---

[1] This Court may take judicial notice of the referenced state court opinions and New Jersey Department of Corrections Inmate Locator page, insofar as they establish Petitioner's conviction, sentence, and incarceration. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (describing the authority of a federal court to take judicial notice of public records, including the opinions of other courts).

[2] To the extent the attachment of a blank form petition for writ of certiorari could be construed as an attempt to file a petition for writ of certiorari, Petitioner has filed in the wrong court. A petition for writ of certiorari must be filed at the U.S. Supreme Court. See, e.g., Sup. Ct. R. 12-14 (detailing the applicable procedures). In addition, to the extent Petitioner's submission could be construed as an attempt to file a petition for writ of certiorari, this Court finds that it would not be in the interest of justice to transfer it to the Supreme Court, see 28 U.S.C. § 1631, as Petitioner has failed to set forth any claims in the blank form petition and the Letter does not describe why it would be appropriate for the Supreme Court to grant a writ of certiorari. See Sup. Ct. R. 10(b), (c) (detailing the considerations that guide the Supreme Court's discretion in granting a writ of certiorari from the decision of a state court).

2

proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. Local Civil Rule 81.2(c).

Petitioner submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1); however, the application is undated and unsigned and Petitioner failed to include the required certification regarding his institutional account. Therefore, this Court will deny without prejudice the application for leave to proceed in forma pauperis and will grant Petitioner leave to apply to re-open.

In addition, the Court notes that the Letter does not provide the information required in a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Letter is unsigned, fails to name a proper respondent, and fails to set forth clearly Petitioner's grounds for relief and the facts supporting those grounds. See generally 28 U.S.C. § 2254; R. Gov. § 2254 Cases 2. Should Petitioner apply to re-open this matter, any application must be accompanied by a complete signed petition for writ of habeas corpus.

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 30 days, by submitting a complete signed petition for writ of habeas corpus and by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

3

An appropriate Order will be entered.

_____
Michael A. Shipp
United States District Judge

Dated: 7/18/13